IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | NO. SA-16-CR-00817-XR |
| | § | |
| | § | |
| ANDREW MORGAN WEATHERS | § | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING THE VIDEOTAPED INTERVIEW OF MINOR C.C.

TO THE HONORABLE DISTRICT COURT JUDGE XAVIER RODRIGUEZ:

Now comes ANDREW MORGAN WEATHERS, Defendant in the above styled and numbered cause, by and through undersigned counsel, and files this response to the Government's Motion in Limine regarding the videotaped interview of minor – C.C., and in so doing, respectfully requests that the Court allow it to be admitted into evidence in its entirety. In furtherance thereof, the Defendant would show the Court the following:

## I.
## Introduction

Andrew Morgan Weathers, Defendant in the above-entitled cause is charged with Possession and Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(a)(2). As part of his defense, Mr. Weathers intends to offer the videotaped statement of his step-son C.C., a juvenile. During the interview, C.C. states that he downloaded the child pornography images that are the subject of this prosecution, and not the Defendant, as charged in the indictment. If C.C. asserts his Fifth Amendment privilege at trial, the Defendant intends to introduce declarant's videotaped statement as well as the testimony of Christina Chandler and Angelo Floiran into evidence.

1

## II.
## Unavailability of Witness

Federal Rule of Evidence 804(a)(1) states that a declarant is considered to be unavailable as a witness if the declarant *inter alia*, is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies. If C.C. seeks to assert privilege under the Fifth Amendment, and the Court allows him to do so, he will be rendered "unavailable" under the Federal Rules of Evidence. The government concedes that by exercising his rights under the Fifth Amendment, C.C. will be made unavailable. The government is aware that if this is the case, then the defense will seek to introduce his videotaped statement.

## III.
## Statement Against Interest

Federal Rule of Evidence 804(b) lists the exceptions to the rule against hearsay when the declarant is unavailable as a witness. For our purposes, the relevant exception is statement against interest under FRE 804(b)(3), which is defined as a statement that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

(B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

In the event that C.C. is allowed to invokes his Fifth Amendment privilege, a sufficient basis exists for the introduction of his videotaped statement under Rule 804(b).

**IV.**
**Argument**

The government cites to *United States v. Dixon*,[1] in an attempt to draw a parallel between it and the one at bar. While the opinion stands for the proposition that the statement against interest exception applies only where: 1) the declarant is unavailable; 2) the statement tends to subject the declarant to criminal liability, such that a reasonable person would not have made the statement unless he believed it to be true; and 3) the statement is corroborated by circumstances clearly indicating its trustworthiness,[2] it bears little factual similarity to the Defendant's case.

In *Dixon*, the declarant's statement flatly contradicted the defendant's version of events, and spoke directly to the duress defense argued by Dixon.[3] The declarant's statement and the defendant's version of events, as well as the defense being argued, were in fact mutually exclusive. As to this matter, the statement provided by C.C. is consistent with the defense's version of events, and is not contradicted by it. The declarant's statement *forms the basis for it.*

**Against Penal Interest**

Clearly, the statement made by C.C. during the videotaped interview was against his penal interest in that it exposed him to considerable criminal liability. It would in fact, be unreasonable for a person in declarant's position to think otherwise. Despite the government's contention that very little of C.C.'s statement "…is actually inculpatory," [4] a scant review of the transcript or viewing of the videotaped statement reveals that this is

---

[1] 413 F.3d 520 (5th Cir. 2005).
[2] *Id.* at 525.
[3] *Id.*
[4] Government's Motion in Limine, p. 3.

not the case. And while C.C. details his cousin's involvement, to say that he "shifts the blame for receipt and possession of child pornography to an even younger child," [5] is just not true. The statement illustrates C.C.'s desire to take responsibility for his actions.

As to his own conduct, the declarant stated, "…he told me about this link to go to downloads. So I went and downloaded it." [6] The declarant continued on: "So I followed the links and I followed everything that it said, and then you have to go and paste something in the browser – in the Tor browser and then it brought up the website." [7] When the declarant was asked what he thought when he heard an investigator wanted to speak with him, he replied "…I can finally tell the truth and this can all possibly go away as well." [8] The declarant concluded by stating, "I know I did it. I just – couldn't say anything. I was mortified of what would happen to me. I know this is all my fault." [9] It is indeed difficult to comprehend how these statements would not be construed as exposing the declarant to considerable criminal liability. The declarant clearly realized as much.

The Fifth Circuit has not read Rule 804(b)(3) to be limited to direct confessions of guilt.[10] "Rather, by referring to statements that 'tend' to subject the declarant to criminal liability, the Rule encompasses disserving statements by a declarant that would have probative value in a trial against the declarant." [11] Were the declarant on trial now, instead of the defendant, it is hard to imagine the government not seeking to introduce the videotaped statement of declarant.

---

[5] *Id.* at 3-4.
[6] Tr. P. 8.
[7] *Id.*
[8] Tr. P. 21.
[9] Tr. P. 22.
[10] *United States v. Ebron*, 683 F.3d 105, 134 (5th Cir. 2012)(citing *United States v. Thomas,* 571 F.2d 285, 288 (5th Cir.1978).
[11] *Id.*

**Trustworthiness of Statement**

Unlike the situation where a declarant implicates himself and the defendant in a statement made to officials, a statement made outside a custodial context does not provide the same set of incentives that create the risk of an unreliable statement.[12] Declarant provided his statement voluntarily and willingly to investigator Angelo Floiran. The interview took place in declarant's home and he was admonished by Mr. Floiran that he was free to leave and did not have to speak with him unless he wanted to.[13] It is also worth noting that the statements made by declarant were consistent with statements made to a family member and supported by handwritten notes given by declarant to his mother and the Defendant.[14]

Throughout the government's motion, it attempts to cast the declarant as untruthful and the statement as being utterly untrustworthy and void of corroboration. Even if one accepts this premise as true, such goes to the weight of the evidence and not its admissibility. The government complains of declarant's lack of "detail" in his videotaped statement.[15] Firstly, he is answering the questions as put to him by the investigator. Secondly, as he states more than once, the declarant is recounting events that occurred over three years ago. Despite the government's contention, this alone does not constitute a lack of trustworthiness. To the contrary, his recollection as a sixteen year old, of events taking place when he was thirteen, coupled with his demeanor observable in the

---

[12] *Ebron*, at 133; fn. 8 ("Whether a statement is in fact against interest must be determined from the circumstances of each case. Thus a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest .... On the other hand, the same words spoken under different circumstances, e.g., to an acquaintance, would have no difficulty in qualifying.").
[13] Tr. P. 2-3.
[14] Defendant's Exhibit 3.
[15] Government's motion, p. 4.

video interview, all weigh heavily in favor of a finding of trustworthiness.

The government also asserts that the timing of declarant's statement "…should cause concern."[16] However, it should be made clear that counsel did not come into possession of prior counsel's file until late July 2018. After obtaining the file, it was discovered to contain the handwritten notes that C.C. had given to the Defendant and Christina Weathers, sometime after the FBI raid had taken place in September 2015. The interview with declarant was held on August 7, 2018, only a couple of weeks after the handwritten notes were obtained. The investigation proceeded without delay, and the government was provided with copies of the video interview on August 20th. The timing of declarant's statement is entirely a function of when counsel was made aware of the existence of certain facts; and nothing more.

The government concludes by stating, " The fear that inculpatory statements are unreliable stems largely from the presumption that such statements are self-serving, offered only to shift the blame from the declarant to another,"[17] and therefore, "the corroboration requirement must be done in such a manner as to effectuate its purpose of circumventing [such] fabrication."[18]

However, this case illustrates exactly the opposite. The declarant sought not to shift the blame from himself to another, but to shift it from one wrongly accused to himself. This, in and of itself, weighs in favor of a finding of trustworthiness of declarant's statements and corroboration arising from the surrounding circumstances. It is very unlikely that such a statement would be made, under these facts, were it not true.

---

[16] Government's motion, p. 6.
[17] *Id.* at 7.
[18] *Id.*

**V.**
**Conclusion**

Based upon the foregoing, Defendant Andrew Morgan Weathers, respectfully requests the Court allow the videotaped statement of minor child C.C. to be admitted into evidence at trial, pursuant to FRE 804(b)(3).

Respectfully submitted,

*/s/ David K. Sergi*

By: _____

**David K. Sergi**
Texas Bar No. 18036000
david@sergilaw.com
**Anthony J. Fusco**
Texas Bar No. 24065259
tony@sergilaw.com
329 S. Guadalupe St.
San Marcos, TX 78666
Tel. (512) 392.5010
Fax. (512) 392.5042
*Attorneys for Andrew M. Weathers*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2018, a true and correct copy of the foregoing document has been sent via email to:

**Tracy Thompson**
United States Attorney's Office
Criminal Section
601 NW Loop 410 - Suite 600
San Antonio, TX 78216
(210) 384-7150
Fax: 210/384-7135
Email: trac.thompson@usdoj.gov

*/s/ David K. Sergi*
David K. Sergi

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | NO. SA-16-CR-00817-XR |
| | § | |
| | § | |
| ANDREW MORGAN WEATHERS | § | |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE**

On this the ____ day of November 2018, came to be heard the government's

Motion in Limine seeking to have the videotaped statement of minor C.C. excluded from

evidence in this cause. After due consideration of the matter, including the argument of

counsel and the facts and circumstances of the case, the Court is of the opinion that said

motion should be:

DENIED ____          GRANTED ____

SIGNED ON _____, 2018.

_____
U.S. DISTRICT JUDGE
XAVIER RODRIGUEZ